## Case No. 864.
### BANK OF COLUMBIA v. COOK.
[2 Cranch, C. C. 574.] [1]
Circuit Court, District of Columbia. May Term, 1825.

WRITS — ORDER FOR EXECUTION WITHOUT JUDGMENT — OVERDUE NOTE — SUFFICIENCY OF AFFIDAVIT — STATUTE OF LIMITATIONS — CHARTER OF BANK OF COLUMBIA.

1. The affidavit of the president of the Bank of Columbia, made under the 14th section of its charter, stating that "the note was not paid when due. according to the best of his knowledge and belief," and that the sum of —— remained due upon the note, is sufficiently certain, although he does not state that it remained due from the defendant, nor that the defendant is the person who signed the note.

2. Upon the return of an execution issued by order of the president of the Bank of Columbia, under the 14th section of its charter, the court will not quash the execution because it appears on the face of the note, upon which it was issued, that it had been due more than three years before the issuing of the execution.

3. The court will permit the defendant, upon the return of the execution issued by the president of the Bank of Columbia, to plead the statute of limitations.

At law. Upon the return of an execution issued by order of the president of the Bank of Columbia [against William Cook,] under the 14th section of its charter, (Act Md. 1793, c. 30, § 14,) Mr. Worthington, for the defendant, moved the court to quash the execution; 1st, because the affidavit of the president was too uncertain; and 2nd, because it appears by the face of the note that it is barred by the statute of limitations. The affidavit stated that the note "was not paid when due, according to the best of his knowledge and belief," and that the sum of —— "remained due on the note," without saying that it was due from the defendant, and without stating that the defendant is the William Cook who signed the note. As the proceeding under the charter is in derogation of common right, it must be strictly pursued, and nothing left uncertain. The documents sent by the president to the clerk must show a prima facie debt; but, upon the face of the note, it is barred by the act of limitations.

THE COURT (nem. con.) stopped Mr. Key, who was about to reply, and refused to quash the execution; being of opinion that the affidavit of the president of the bank is agreeable to the provisions of its charter, and that the note, notwithstanding its date, (January, 1818, at 60 days,) is prima facie evidence of a debt. If the statute of limitations had been pleaded, the plaintiff might have replied a new promise, or some other bar to the statute. See Gould v. Johnson, 2 Ld. Raym. 838, and Puckle v. Moor, 1 Vent. 191.

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Worthington, for the defendant, then offered to plead the statute of limitations.

Mr. Key, for the plaintiff, objected that the defendant had no right to plead the statute of limitations to this summary proceeding. The object of the act was to enable the bank to indulge their debtors, without danger of losing their debts by lapse of time. No laches can be imputed to a plaintiff who holds such a power. The note is equivalent to a judgment. The charter only permits defendant to show payments, or that he does not owe the whole of the debt. The defendant can only plead to the merits; and, before he can plead the statute of limitations, he must satisfy the court that it is necessary to the merits. The bank charter, which gives the remedy, does not limit it to any particular time; and this proceeding is not an action within the meaning of the statute of limitations.

Mr. Key urged the case of Ingle v. Hogan upon the court, decided at October term, 1822, [Case No. 6,583.]

THE COURT (CRANCH, Chief Judge, doubting) permitted the defendant to plead the statute of limitations.